Ricky Shelton (#14784)
ADAMS DAVIS, P.C.
35 West Broadway, Suite 203
Salt Lake City, UT 84101
Telephone: (801) 532-9500
Facsimile: (801) 532-8600
ricky@adamsdavis.com
*Attorney for Plaintiff*

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DONNALYN and JOSE SERRANO, personally and on behalf of the estate of Arianna Serrano;<br><br>Plaintiffs,<br><br>vs.<br><br>LEHI CITY; RUSSELL POULSEN;<br><br>Defendants. | COMPLAINT<br><br>Civil No.  2:24-cv-0009 |

COMES NOW BEFORE THE COURT Plaintiffs Donnalyn and Jose Serrano bringing these claims against Defendants and praying for relief.

Parties

1. Donnalyn and Jose Serrano are a married couple and parents of Arianna Serrano (who is now deceased). They are citizens of Utah and residents of Utah County. They bring these claims personally as heirs of Arianna and also on behalf of Arianna's estate.

2. Defendant Lehi City is a municipality in Utah County, Utah.

3. Defendant Russell Poulsen is an individual residing in Utah County, Utah. The claims against Mr. Poulsen are asserted against him in his personal capacity and also in his official capacity as an employee/agent of Lehi City.

## Background

4. On October 21, 2022, Arianna Serrano (20 years old) was driving a car southbound on the off-ramp from I-15 nearing SR-92 in Lehi, Utah.

5. Russell Poulson, an employee and agent of Lehi City, was driving a firetruck westbound on SR-92.

6. Upon information and belief, Mr. Poulson drove the firetruck against a red traffic light purposefully and/or with deliberate indifference and/or recklessly and/or negligently.

7. The firetruck crashed into Arianna's vehicle, which was proceeding through the intersection according to a greenlight.

8. Arianna died as a result of the crash.

## First Cause of Action
(42 U.S.C 1983 and Fourteenth Amendment—Mr. Poulson)

9. All preceding paragraphs are incorporated.

10. In operating the firetruck, Mr. Poulson was acting under color of state law, custom, and usage.

11. In operating the firetruck, Mr. Poulson was driving at an excessive speed, despite the facts that he was not responding to an urgent emergency warranting that speed and that he had adequate time to deliberate his actions.

12. . In operating the firetruck, Mr. Poulson increased his speed before running the red light, despite the facts that he was not responding to an urgent emergency warranting that speed and that he had adequate time to deliberate his actions.

13. In operating the firetruck, Mr. Poulson deliberately disregarded southbound traffic passing through the intersection and deliberately disregarded the fact that this southbound traffic could not see the westbound firetruck, which was traveling through an intersection with limited line of sight.

14. In operating the firetruck, Mr. Poulson deprived Arianna of her right to life and liberty under the Fourteenth Amendment to the United States Constitution and substantive due process.

15. Mr. Poulson's conduct was arbitrary, conscience shocking, done with specific intent and/or deliberate indifference and/or recklessness and/or a conscious contempt of others' lives.

16. State law does not provide an adequate remedy due to, among other things, a statutory cap on damages.

Second Cause of Action
(Monell Claim—Lehi City)

17. All preceding paragraphs are incorporated.

18.  Mr. Poulson's operation of the fire truck resulted from a government policy or custom of Lehi City. This policy or custom exhibits a deliberate indifference to citizens' rights, including the Fourteenth Amendment rights of other motorists.

19. This policy or custom comes from the existence of a formal policy endorsed by Lehi City as well as actions and decisions taken by Lehi City offiicals with final decision making authority as well as practices of Lehi City that are so persistent and widespread to constitute a

custom that officials had constructive knowledge of as well as failure of policymakers at Lehi City to properly train and supervise subordinates including Mr. Poulson amounting to deliberate indifference.

Third Cause of Action
(Gross Negligence—Mr. Poulson and Lehi City)

20. All preceding paragraphs are incorporated.

21. Mr. Poulson and Lehi City's tortious acts exhibited a failure to observe even slight care as well as a carelessness and recklessness to a degree of indifference to consequences.

22. This gross negligence caused Ariana's death.

Fourth Cause of Action
(Vicarious Liability)

23. All preceding paragraphs are incorporated.

24. Mr. Poulson was an agent and/or employee of Lehi City acting within the scope of that employment and agency.

25. Lehi City is vicariously liable for Mr. Poulson's tortious acts.

Fifth Cause of Action
(Survival Claim)

26. All preceding paragraphs are incorporated.

27. The crash caused Arianna to suffer immense physical and emotional pain and suffering before her death.

28. Defendants are liable for these non-economic damages.

Sixth Cause of Action
(Negligence—Mr. Poulson and Lehi City)

29. All preceding paragraphs are incorporated.

30. Mr. Poulson had a duty to use reasonable care in his operation of the firetruck.

31. Lehi City had a duty to use reasonable care in its hiring, training, supervision, and retention of Mr. Poulson as a firetruck driver.

32. Mr. Poulson and Lehi City breached these duties.

33. These breaches caused Arianna's death.

## Jury Demand

Plaintiffs request trial by jury.

## Prayer for Relief

Plaintiffs demand judgment against all the named Defendants in an amount to be proven at trial, together with pre-judgment and post-judgment interest and cost, as follows:

- for general damages, including pain and suffering, in an amount to be proven at trial, estimated to exceed $10 million;
- for medical expenses in an amount to be proven at trial;
- for lost wages and benefits and lost wage-earning capacity in an amount to be proven at trial;
- for lost household services;
- for costs of suit incurred herein;
- for attorney fees, expert fees, and costs pursuant to 42 U.S.C. 1988;
- for special damages in an amount to be proven at trial including interest as provided by Utah Code Ann. §78B-5-824; and
- for further relief as the Court may deem appropriate and proper under the circumstances.

Dated this 3rd day of January 2024.

ADAMS DAVIS, P.C.

 /s/ Ricky Shelton
Ricky Shelton